**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

OTIS MICHAEL BRIDGEFORTH,

Plaintiff,

- v -

Civ. No. 1:11-CV-431 (TJM/RFT)

UNITED STATES NAVY RECRUITMENT OFFICE, COLLONIE,[1] NEW YORK; UNITED STATES MILITARY ASVAB TESTING CENTER, ALBANY, NEW YORK; ELLIOT SPITZER, *Former New York State Governor*

Defendants.

**APPEARANCES:** **OF COUNSEL:**

OTIS MICHAEL BRIDGEFORTH
102951030956
Plaintiff, *Pro Se*
Rensselaer County Jail
4000 Main Street
Troy, New York 12180

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**<u>REPORT-RECOMMENDATION and ORDER</u>**

The Clerk has sent to the Court for review a civil rights Complaint brought pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff Otis Michael Bridgeforth. Dkt. No. 1, Compl. Plaintiff, who is currently incarcerated at the Rensselaer County Jail, has not paid the filing fee and seeks leave to proceed with this action *in forma pauperis*

[1] The Court notes the proper spelling of this town is "Colonie".

(IFP). Dkt. No. 2, IFP App.

**A. 28 U.S.C. § 1915**

Pursuant to 28 U.S.C. § 1915, individuals may seek leave of court to pursue their claims without prepayment of fees and costs and proceed with the litigation as a poor person or *in forma pauperis*. 28 U.S.C. § 1915(a)(1). The IFP statute enables prisoners to similarly apply for this privilege, and indeed, many, if not most, incarcerated individuals bringing civil suits take advantage of such opportunity. *Id.* at § 1915(a)(2). Also under this statute, a court may *sua sponte* dismiss a case if it determines at any time that such action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *Id.* at § 1915(e)(2).

Recognizing the potential for prisoner abuse and seeking to relieve congestion of patently frivolous prisoner suits, Congress enacted the Prisoner Litigation Reform Act (PLRA) of 1996, which renders several restrictions on a prisoner's ability to exploit the justice system. One such mechanism is the so-called "three-strike rule" which provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In recognizing the legitimate government interests fostered by the PLRA amendments, the Second Circuit stated that,

> [p]rior to the enactment of the *in forma pauperis* amendments, inmates suffered no economic disincentive to filing lawsuits. Indeed, the very nature of incarceration – prisoners have substantial free time on their hands, their basic living expenses are paid by the state and they are provided free of charge the essential resources needed to file actions and appeals, such as paper, pens, envelopes and legal materials – has fostered a "'nothing to lose and everything to gain'" environment which allows inmates indiscriminately to file suit at taxpayers' expense. *See Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983) (quoting *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973)).

*Nicholas v. Tucker* 114 F.3d 17, 20 (2d Cir. 1997).

Where a plaintiff seeks leave to proceed IFP, a court must first determine whether he has demonstrated sufficient economic need to proceed without prepaying, in full, the $350.00 filing fee. Upon review, the Court finds that Plaintiff has demonstrated economic need and has filed the Inmate Authorization Form required in this District. Dkt. Nos. 2 & 4.

However, the Court must also determine whether the "three strikes" provision of 28 U.S.C. § 1915(g) bars Plaintiff from proceeding IFP.

### B. Litigation History

Bridgeforth is no stranger to the courts. Indeed, through publicly available

information, this Court has learned that from July 2008 to the present date, Bridgeforth has filed thirty-nine civil actions in several district courts, and that many of these actions have been dismissed by the district court(s) in accordance with 28 U.S.C. § 1915(e).[2] This Court has painstakingly reviewed each of Bridgeforth's actions and has determined that prior to bringing this action, he had accumulated three strikes. The Court examines each of these instances below.

On July 17, 2008, Bridgeforth filed a civil action in the Northern District of New York. *Bridgeforth v. County of Rensselaer, et al.*, Civ. No. 1:08-CV-779 (LEK/RFT) (N.D.N.Y.). At the time he initiated that case, he was incarcerated at Collins Correctional Facility. Upon reviewing his amended complaint, this Court issued a report-recommendation and order recommending that several causes of action be dismissed. *See id.* at Dkt. No. 14; *see also* Ct. Attach. 1. One such dismissal was recommended pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Bridgeforth had sued a defendant who was protected by absolute immunity. *Id.* at pp. 5-6 & 10. On December 8, 2008, the Honorable Lawrence E. Kahn, Senior United States District Judge, adopted those recommendations in full. *Id.* at Dkt. No. 19; Ct. Attach. 2.

---

[2] These civil actions were filed in the following courts: District of New Jersey (two civil actions); Western District of New York (six civil actions); Northern District of New York (twelve civil actions); and District of Delaware (nineteen civil actions). In addition to these thirty-nine civil actions, Bridgeforth has filed appeals in the following circuit courts: Second Circuit Court of Appeals (two appeals); and Third Circuit Court of Appeals (three appeals). For a complete listing of Bridgeforth's cases, see Appendix A attached to this Report-Recommendation and Order.

Because the dismissal was explicitly rendered pursuant to § 1915(e), this constitutes a strike.[3]

On August 3, 2009, while incarcerated at Upstate Correctional Facility, Bridgeforth filed a civil action, pursuant to 42 U.S.C. § 1983, in the Northern District of New York. *See Bridgeforth v. Parmer, et al.*, Civ. No. 9:09-CV-888 (DNH/ATB) (N.D.N.Y.). On January 21, 2010, the Honorable David N. Hurd, United States District Judge, reviewed Bridgeforth's amended complaint, which he had filed as of right. At the conclusion of such review, Judge Hurd ruled that most of the actions set forth in that pleading failed to state a claim upon which relief could be granted and *sua sponte* dismissed all of the newly added defendants and claims in accordance with 28 U.S.C. § 1915(e). *Id*. at Dkt. No. 20; Ct. Attach. 3. Thus, this initial dismissal in this case constitutes a second strike. Notably, more activity ensued in this case that is worth mentioning.

After finding that none of the newly stated claims were viable, Judge Hurd struck the amended complaint, thus rendering the original complaint the proper

---

[3] As noted below, *see infra* note 5, there is some debate over whether a partial dismissal of an action can constitute a strike. *See Eady v. Lappin*, 2007 WL 1531879, at *2 n.5 (N.D.N.Y. May 22, 2007) (discussing the split of authority). We are more swayed by the courts who have found in the affirmative. In our estimation, the goal of the PLRA is to not only reduce frivolous prisoner litigation, but to further reduce the congestion on the court's docket. Such goals were obtained through this partial dismissal. Though this case is presently pending, we note that had those patently frivolous claims remained, the burdens on both the Court and defendants would have been much heavier.

pleading in the action. *Id*. at p. 15. The sole remaining claims were the medical indifference claims that Bridgeforth included in the original complaint, to which a motion to dismiss had been pending. Later, upon accepting the recommendation of the Honorable Andrew T. Baxter, United States Magistrate Judge, Judge Hurd granted the defendants' motion to dismiss and dismissed the remainder of the action due to Bridgeforth's failure to state a claim upon which relief could be granted. *Id*. at Dkt. Nos. 27 & 28; Ct. Attachs. 4 & 5. Of particular import is the fact that Bridgeforth asserted medical indifference claims, when in fact, by his own account and by his own submissions, it was clear that he had been provided medical care, which he disagreed with an refused.[4] Thus, his remaining claims of medical indifference were dismissed for failing to state a claim.

An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). In this instance, it seems clear that both Judge Baxter and Judge Hurd surmised that Bridgeforth's medical indifference claim was based on an "indisputably meritless legal theory." *Id*. at 327; *see also Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990). While there exists some debate over

[4] The disagreement arose over the name of the inhaler Bridgeforth was prescribed for treatment of his asthma condition; the only difference being the manufacturer of the medication, which was explained to him and accounts for the different names for the medication. *Bridgeforth v. Parmer, et al.*, Civ. No. 9:09-CV-888 (DNH/ATB) (N.D.N.Y.), Dkt. No. 27 at p. 10.

whether a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) automatically renders a strike, and for that matter, whether two strikes can be issued for two dismissals in the same case,[5] we find the reasoning of the dismissals to be distinct enough, and clear enough, to find that two strikes were issued in this case. Nevertheless, in light of the split in the prevailing law, we believe it prudent to review further Plaintiff's litigation history to see if he incurred another strike.

On June 1, 2010, Bridgeforth brought a civil action, pursuant to 42 U.S.C. § 1983, in the District of Delaware. *See Bridgeforth v. TD Bank, et al.*, Civ. No. 1:10-CV-472 (GMS) (D. Del.). On September 29, 2010, the Honorable Gregory M. Sleet, Chief United States District Judge, *sua sponte* dismissed the action as frivolous, pursuant to § 1915(e). *Id*. at Dkt. No. 5; Ct. Attach. 6. A judgment was entered, from

[5] The Supreme Court has noted that the "failure-to-state-a-claim" standard in Rule 12(b)(6) and the frivolous standard in § 1915 serve distinct purposes and goals, "and that while the overlap between these two standards is considerable, it does not follow that a complaint which falls afoul of the former standard will invariably fall afoul of the latter." *Neitzke v.Williams*, 490 U.S. 319, 326 (1989). In the case before Judge Hurd, Bridgeforth's factual contentions were not deemed to be clearly baseless. Quite the contrary, his factual contentions formed the court's conclusion that he was setting forth claims that lacked an arguable basis in law, to which the Supreme Court acknowledged both Rule 12(b)(6) and § 1915 applied. *Id*. at 328. Also, in rendering his initial dismissal, Judge Hurd did not review the adequacy of the medical indifference claims because a motion to dismiss was currently pending; instead, he noted that it would be addressed in a separate opinion. Ultimately, those claims were deemed inadequate as well. The real conundrum for us is whether it is proper for two partial dismissals in one action to constitute two separate strikes, especially when the statute speaks to "action or appeal" and not claims. *See, e.g., Eady v. Lappin*, 2007 WL 1531879, at *2 n.5 (N.D.N.Y. May 22, 2007) (discussing the split in authority on this issue). This issue is far from settled. Thus, in an abundance of caution, we review Bridgeforth's other dismissals.

which Bridgeforth subsequently appealed to the Third Circuit Court of Appeals. *Id*. at Dkt. Nos. 5-1 & 7. At the times when he initiated this action, judgment was entered, and an appeal taken, Bridgeforth resided in a civilian address and did not appear to be incarcerated nor detained, as those terms are understood in the PLRA. However, soon thereafter, Bridgeforth was in the custody of the Delaware Department of Corrections and incarcerated in the Howard R. Young Correctional Institution, located in Wilmington, Delaware.[6] It is during this incarceration that Bridgeforth filed an amended notice of appeal of the September 29th decision dismissing his civil case. *Id*. at Dkt. No. 10; Ct. Attach. 7. On March 8, 2011, the Third Circuit determined that his appeal did not have an arguable basis in fact or law and dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id*. at Dkt. No. 11-2; Ct. Attach. 8. Having filed this appeal during his incarceration, we find that it constitutes another strike, thus constituting three strikes accumulated as of March 8, 2011.

In light of the fact that Bridgeforth has accumulated three strikes prior to filing the within action, his request to proceed IFP must be denied unless it appears that he falls within the "imminent danger" exception. 28 U.S.C. § 1915(g). Congress enacted the "imminent danger" exception contained in the final phrase of § 1915(g) to create

[6] A member of this Chambers' staff contacted this facility and confirmed that Bridgeforth had been detained at Howard R. Young on December 29, 2010, through March 14, 2011. We also note that Bridgeforth was in the custody of New York State Department of Correctional Services from December 10, 2007 through February 2010. *See* nydoclookup.docs.state.ny.us.

a safety valve to prevent impending harms to prisoners otherwise barred from proceeding IFP. *See Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). For the exception to apply, the danger must be present at the time when the plaintiff files his complaint. *Id.* at 562-63. Although allegations of "ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (internal quotation marks and citation omitted), may qualify, "a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed[,]" *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citations omitted).

By his current Complaint, Plaintiff complains of the way he was treated in March 2007 when he sought to enlist in the United States Navy. Because the conduct complained of occurred over four years ago and has no connection to any potential danger he faced (or presently faces) when he filed this action, the Court finds that Bridgeforth does not qualify for this exception and IFP status is **denied**.

Ordinarily, this would end the Court's analysis, and the action would be dismissed unless Plaintiff pays the filing fee in full within thirty (30) days of the date of this Order. However, as noted below, a review of the merits shows that the Court need not give Plaintiff this option because the action is clearly frivolous and would be dismissed outright even if Plaintiff paid the filing fee.

**C. Plaintiff's Complaint**

Though his Application to Proceed IFP has been denied, under 28 U.S.C. § 1915A, this Court must, as soon as practicable, *sua sponte* review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

As noted above, by his Complaint, Plaintiff complains of the way he was treated

when in March 2007 he sought to enlist in the United States Navy. Dkt. No. 1. Apparently, Plaintiff failed the necessary test for enlistment and was denied entry into the military. *Id.* First, it is not entirely clear to this Court the precise contours of the rights Plaintiff is claiming were deprived. He seems to suggest that his race was a factor in the denial, but he does not explain nor provide facts as to how this is so.[7] Plaintiff's failure to provide the Court with enough plausible facts to show that he is entitled to some relief is grounds for dismissal. In light of his *pro se* status, we would normally recommend that prior to dismissal, Bridgeforth be provided an opportunity to amend his pleading. However, we find that in this instance such amendment would be futile as Bridgeforth raises claims that clearly fall outside the three-year limitations period allotted for civil rights actions. *See, e.g., Pauk v. Bd. of Trustees of City Univ. of New York*, 654 F.2d 856, 859 (2d Cir. 1981) (federal claim accrues when the plaintiff "knows or has reason to know" of the injury that is the basis for his action); *Bailey v. Tricolla*, 1995 WL 548714, at *3 (E.D.N.Y. Sept. 12, 1995) (noting that in the absence of a congressional dictate as to a limitations period, we apply the most appropriate state statute of limitations, which, for 1983 actions is the general personal injury statute setting forth a limitations period of three years); *see also Pearl v. City*

[7] The Court notes a common theme in many of Bridgeforth's civil actions, especially those filed in the District of Delaware, is that he was not treated properly, or was treated differently, because of his African-American heritage. *See* App. A.

*of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (noting that the applicable limitations period for § 1983 actions in New York is three years); N.Y. C.P.L.R. § 214(5). Thus, in addition to our recommendation that this case be dismissed as failing to state a claim, we recommend dismissing this entire action as untimely.

**D. Bridgeforth's Abuse of the Judicial Process**

Over the past four months, since the beginning of 2011, Bridgeforth has brought ten civil actions: four in the District of Delaware and six in this District. *See* App. A. The six civil actions filed in this District were all brought during the Month of April. In all of these actions, Bridgeforth sought permission from the respective court to proceed IFP, some of which are pending review in both courts. But this recitation, and the litigation history outlined above, only provides the tip of the iceberg when it comes to understanding Bridgeforth's litigation abuses.

In the analysis above, the Court was constrained by the applicable PLRA law to only review those dismissals of actions that were brought by Bridgeforth while he was incarcerated or detained. Thus, we did not discuss the multitude of cases he filed *pro se*, while residing at a civilian address, that were also dismissed pursuant to § 1915. In fact, most of his litigation abuses occurred in cases he brought when he was not incarcerated. By our count, in the District of Delaware, ten of his nineteen cases have so far been dismissed *sua sponte* pursuant to § 1915, with three more still

pending review. *See* App. A. Bridgeforth appealed three of those dismissals to the Third Circuit Court of Appeals, where each suffered the same fate of dismissal pursuant to § 1915. *Id*. In the Western District of New York, Bridgeforth filed six civil actions, four of which have pending Rule 41 motions. *Id*. In our District, at least five of the twelve actions brought have suffered dismissals pursuant to § 1915, and three more are still awaiting review by the Court.[8] Of the thirty-nine civil actions, and five appeals, the total number of cases dismissed *sua sponte* pursuant to § 1915 is seventeen,[9] with several more pending further review. Bridgeforth's abuse of the litigation process is patent and has become a burden on this Court's ability to efficiently adjudicate matters before it.

Courts have always recognized that they may resort to restrictive measures when responding to vexatious litigants. *In re Martin-Trigona*, 9 F.3d 226, 228-29 (2d Cir. 1993) (noting that the Supreme Court and other Circuits have imposed restrictive measures). The Court has the obligation to protect the public and the efficient administration of justice from individuals who have a history of vexatious and harassing litigation because it imposes needless expense on the parties and an

---

[8] Most recently, the Honorable Andrew T. Baxter, United States Magistrate Judge, has recommended dismissal pursuant to § 1915(e) in *Bridgeforth v. Lisba*, Civ. No. 9:11-CV-453 (LEK/ATB), Dkt. No. 4.

[9] That tally omits the Second Circuit's denial of a certificate of appealability in *Bridgeforth v. Napole* and the double dismissal rendered in *Bridgeforth v. Parmer, et al.*

unnecessary burden on the court. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). In this context, courts have accepted the need for permanent injunctions as a result of extraordinary patterns of vexatious, harassing, and baffling litigation practices. *In re Aarismaa*, 233 B.R. 233, 247 (N.D.N.Y. 1999); *Toro v. Depository Trust Co.*, 1997 WL 752729, at *4 (S.D.N.Y. Dec. 4, 1997) (identifying the All Writs Act as a legal basis to impose sanctions and enjoin a plaintiff who abuses the judicial process). Under the All Writs Act, 28 U.S.C. § 1651, a court may sanction a vexatious litigant who abuses the judicial process by enjoining him from pursuing future litigation without leave of the court. *Malley v. New York City Bd. of Educ.*, 112 F.3d 69, 69-70 (2d Cir. 1997); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 250 (2d Cir. 2004). An enjoinder may be permanent or may impose the less drastic remedy of a "leave to file" requirement. *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (noting the court's ability to levy a leave to file requirement); *Raffee v. John Doe*, 619 F. Supp. 891 (S.D.N.Y. 1985) (granting a permanent injunction restraining the plaintiff from filing any further actions); *In re Aarismaa*, 233 B.R. at 247 (observing that such "restrictive measure[s] have included foreclosing the filings of pleadings in a particular case or requiring that leave of court first be sought").

Before regulating a truculent and persistent litigant by restricting future access to the court, a court should consider

> (1) the litigant's history of the litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, and in particular whether the litigant has a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Toro v. Depository Trust Co.*, 1997 WL 752729, at *4 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

It is clear to us that Bridgeforth fits the mold of a pestilent litigator who can only be estopped from pursuing frivolous litigation by sanctions more austere than dismissing his actions. First, a review of Bridgeforth's litigation history shows that a majority of the claims he files are frivolous. *See* App. 1. Second, Plaintiff cannot have had a good faith expectation of prevailing in many of his civil actions as they patently lack any legal basis. Third, although Plaintiff is a *pro se* litigant, he has extensive litigation experience.[10] Fourth, Plaintiff has caused needless harassment and extreme burden on the many defendants he sues as well as the Court. Fifth, in light of Plaintiff's litigation history, it does not appear that any other sanction, short of an injunction, will be adequate to protect the Court and defendants from Plaintiff's insatiable appetite for continued litigation. *See Ulysses I & Co., Inc. v. Feldstein*, 2002 WL 1813851 (S.D.N.Y. Aug. 8, 2002), *aff'd sub nom, Bridgewater Operating*

[10] As noted above, Bridgeforth has filed at least thirty-nine federal actions in this District and other Districts since 2008 and five appeals.

*Corp. v. Feldstein*, 346 F.3d 27 (2d Cir. 2003).

Thus, we recommend in addition to dismissal of the within case, that pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceeding, Plaintiff be prohibited from making any future filings in this District without prior leave of the Chief Judge.

## E. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. No. 2) is **denied**; and it is further

**RECOMMENDED**, that pursuant to the Court's authority granted by 28 1915A, this action should be dismissed in its entirety as failing to state a claim and as untimely; and it is further

**RECOMMENDED**, that Otis Michael Bridgeforth be permanently enjoined from filing any other cases in this District without leave of the Chief Judge; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action and each of the Judges in this District.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within

which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: May 18, 2011
Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge

# Appendix A

## <u>BRIDGEFORTH LITIGATION HISTORY</u>[1]

**1) District of New Jersey (2 cases):**

| Case Number | Case Name | Filing Date | Closing Date | Summary of Claim | 1915 Dismissal |
|---|---|---|---|---|---|
| 1:10-CV-5241 (RMB/AMD) | *Bridgeforth v. NJCAA Nat'l Office, et al.* | Oct. 12, 2010 | Jan. 11, 2011 | Asserted that he was a victim of racial, religious, and age discrimination while at Salem Community College (SCC) when he was denied the right to participate in basketball practice after arriving late. | N/A[2] |
| 1:10-CV-6278 (RMB/KMW) | *Bridgeforth v. Pelura, et al.* | Dec. 6, 2010 | Jan. 11, 2011 | Accused various SCC personnel of harassing him and shouting racial epitaphs at him while in the campus library. | N/A[3] |

**2) Western District of New York (6 cases):**

| Case Number | Case Name | Filing Date | Closing Date | Summary of Claim | 1915 Dismissal |
|---|---|---|---|---|---|
| 6:08-CV-6322 (DGL/MWP) | *Bridgeforth v. Swain, et al.* | July 22, 2008 | | Alleged that the defendant correction officers harassed him, wrote false misbehavior reports, used racial epitaphs, and further denied him due process in connection with a disciplinary hearing. | Rule 41 Motion Pending |
| 6:08-CV-6349 (DGL/MWP) | *Bridgeforth v. Zaid 07A2442 et al.* | Aug. 5, 2008 | | Alleged he was assaulted by an inmate (whom he sued as well) while a corrections officer watched and laughed and then issued a false misbehavior report. | Rule 41 Motion Pending |
| 6:08-CV-6438 (JWF) | *Bridgeforth v. Zaid, et al.* | Sept. 24, 2008 | Dec. 16, 2008 | Case opened in error, should have been docketed as an amended complaint in 6:08-CV-6349. | N/A |
| 6:08-CV-6471 (DGL/MWP) | *Bridgeforth v. Bartlett, et al.* | Oct. 22, 2008 | Feb. 18, 2010 | Scant complaint alleges interference with legal mail and denial of court access. A number of exhibits are included throughout the complaint. | N/A – 12(b)(6) motion granted failure to exhaust |

| Case Number | Case Name | Filing Date | Closing Date | Summary of Claim | 1915 Dismissal |
|---|---|---|---|---|---|
| 6:08-CV-6584 (DGL/MWP) | *Bridgeforth v. Bridge, et al.* | Dec. 29, 2008 | | Alleged that his asthma inhaler was improperly confiscated and he was further denied medical treatment. | Rule 41 Motion Pending |
| 6:09-CV-6162 (MWP) | *Bridgeforth v. McKeon, et al.* | Apr. 9, 2009 | | Alleged denial of due process in connection with a disciplinary hearing and Eighth Amendment violations stemming from the conditions of his confinement. | Rule 41 Motion Pending |

**3) Northern District of New York (12 cases):**

| Case Number | Case Name | Filing Date | Closing Date | Summary of Claim | 1915 Dismissal |
|---|---|---|---|---|---|
| 1:08-CV-779 (LEK/RFT) | *Bridgeforth v. County of Rensselaer, et al.* | July 22, 2008 | | Asserted that the Troy police used excessive force during his arrest and they further violated the Fourth Amendment. Other claims asserted against the prosecutors and judge presiding over his criminal case. | Yes (partial) |

| Case Number | Case Name | Filing Date | Closing Date | Summary of Claim | 1915 Dismissal |
|---|---|---|---|---|---|
| 8:09-CV-545 (GTS/RFT) | *Bridgeforth v. Popavics, et al.* | May 8, 2009 | | Alleges his due process rights were violated during a disciplinary hearing held at Hudson Valley Community College. | Motion to Dismiss pending |
| 9:09-CV-133 (NAM) | *Bridgeforth v. Napole* | Jan. 30, 2009 | Apr. 22, 2010 | Petition for writ of *habeas corpus* brought, pursuant to 28 U.S.C. § 2254, challenging his criminal conviction in Rensselaer County Court. | N/A[4] |
| 9:09-CV-888 (DNH/ATB) | *Bridgeforth v. Parmer, et al.* | Aug. 3, 2009 | July 19, 2010 | Multiple defendants sued for various reasons including retaliation for unstated reasons by changing his security classification, false misbehavior reports, and conspiracy (to name a few) | Yes |
| 1:09-CV-1435 (LEK/RFT) | *Bridgeforth v. Burke, et al.* | Dec. 24, 2009 | | Racial discrimination alleged stemming from wrongful termination from employment at Center for Disability Services | N/A (case in discovery phase) |

| Case Number | Case Name | Filing Date | Closing Date | Summary of Claim | 1915 Dismissal |
|---|---|---|---|---|---|
| 1:10-CV-678 (TJM/RFT) | *Bridgeforth v. Nat'l Consumer Serv.* | June 10, 2010 | Aug. 25, 2010 | Alleged civil rights action against private entity claiming that it stole his money and defrauded him. | Yes |
| 9:11-CV-402 (TJM/RFT) | *Bridgeforth v. Div. of Parole* | Apr. 11, 2011 | | Civil rights action challenging parole violation hearing and subsequent revocation | IFP App pending review |
| 9:11-CV-422 (NAM/ATB) | *Bridgeforth v. Rennselaer County Public Safety Building* | Apr. 15, 2011 | | Asserts correction officers falsely accused plaintiff of violating prison rules with due process violations occurring in disciplinary hearing. | IFP App pending review |
| 1:11-CV-431 (TJM/RFT) | *Bridgeforth v. United States Navy Recruitment, et al.* | Apr. 18, 2011 | | Current case | N/A |
| 1:11-CV-434 (GTS/DRH) | *Bridgeforth v. Schenectady County Community College, et al.* | Apr. 18, 2011 | | Various anti-trust and civil rights violations asserted against Schenectady Community College. | Summonses issued on Apr. 20, 2011 |

| Case Number | Case Name | Filing Date | Closing Date | Summary of Claim | 1915 Dismissal |
|---|---|---|---|---|---|
| 9:11-CV-453 (LEK/ATB) | *Bridgeforth v. Lisboa* | Apr. 21, 2011 | | Asserts private person issued a false complaint to the authorities resulting in his arrest. Further claims that the warrant was issued in retaliation for the filing of a lawsuit.[5] | Yes (Rep-Rec pending) |
| 9:11-CV-479 (LEK/RFT) | *Bridgeforth v. Smith, et al.* | Apr. 21, 2011 | | Civil rights action concerning various employees of Rennselaer County Jail regarding, *inter alia*, Eighth Amendment excessive force and denial of medical care | IFP App pending review |

**4) District of Delaware (19 cases):**

| Case Number | Case Name | Filing Date | Closing Date | Summary of Claim | 1915 Dismissal |
|---|---|---|---|---|---|
| 1:10-CV-164 (GMS) | *Bridgeforth v. Am. Educ. Servs.* | Mar. 1, 2010 | Sept. 28, 2010 | Case consolidated with Civ. No. 1:10-CV-193 (GMS). After being denied student loans, due to a purported default on prior loans, Bridgeforth sued company that put his loans in default alleging denial of due process, breach of contract, racial animus. | Yes[6] |
| 1:10-CV-168 (GMS) | *Bridgeforth v. Delaware State Police, et al.* | Mar. 2, 2010 | May 21, 2010 | Brought an action in 2010 claiming he was the victim of an unreasonable search and seizure and was falsely arrested in 2004. | Yes |
| 1:10-CV-169 (GMS) | *Bridgeforth v. Howard R. Young Corr. Facility* | Mar. 2, 2010 | May 26, 2010 | Action brought in 2010 claiming prison officials beat him and used mace against him in 2006. | Yes |
| 1:10-CV-170 (GMS) | *Bridgeforth v. Wilmington Police Dep't, et al.* | Mar. 2, 2010 | May 21, 2010 | Alleges he was unlawfully seized and searched in 2006. | Yes |

| Case Number | Case Name | Filing Date | Closing Date | Summary of Claim | 1915 Dismissal |
|---|---|---|---|---|---|
| 1:10-CV-193 (GMS) | *Bridgeforth v. US Dep't of Educ., et al.* | Mar. 9, 2010 | May 27, 2010 | Case consolidated with Civ. No. 1:10-CV-164 (GMS) | Yes |
| 1:10-CV-312 (GMS) | *Bridgeforth v. Wilmington Police Dep't, et al.* | Apr. 19, 2010 | | Alleges he was arrested in 2010 without a warrant or probable cause. Also claims excessive force used against him and that the arrest was perpetrated as retaliation for other lawsuits filed against police department. | Yes – 1 party dismissed |
| 1:10-CV-430 (GMS) | *Bridgeforth v. New Castle County Police Dep't* | May 24, 2010 | | Claims that arresting officers had racially profiled him, unlawfully searched him while shouting racial epitaphs, and used excessive force against him. | Motion to Amend pending |
| 1:10-CV-472 (GMS) | *Bridgeforth v. TD Bank, et al.* | June 9, 2010 | Sept. 30, 2010 | Claims bank defendants intentionally denied him the right to open a student checking account because of his race, color, and sex. | Yes[7] |
| 1:10-CV-499 (GMS) | *Bridgeforth v. TD Bank, et al.* | June 9, 2010 | Sept. 30, 2010 | Claims that bank employees discriminated against him by reason of race, color, and sex when they closed his student checking account. | Yes[8] |

| Case Number | Case Name | Filing Date | Closing Date | Summary of Claim | 1915 Dismissal |
|---|---|---|---|---|---|
| 1:10-CV-583 (GMS) | *Bridgeforth v. Kirchner, et al.* | July 8, 2010 | | While riding the bus, he attempted to open the window due to his asthma. Asserts bus company employees attempted to suffocate him because of his race after telling him he can't open the window and then complaining to the police. | Motion to Dismiss pending |
| 1:10-CV-598 (GMS) | *Bridgeforth v. Wilimington Housing Auth, et al.* | July 13, 2010 | | Claims he was a victim of race, gender, and color discrimination when he was denied emergency housing. | Motion for Summ. J pending |
| 1:10-CV-755 (GMS) | *Bridgeforth v. Walgreens Pharmacy, et al.* | Sept. 3, 2010 | | Asserts that the Walgreens employees had discriminated against him when they refused to give him his pain medication and then filed a false report with the police. | Process of Service is underway |

| Case Number | Case Name | Filing Date | Closing Date | Summary of Claim | 1915 Dismissal |
|---|---|---|---|---|---|
| 1:10-CV-819 (GMS) | *Bridgeforth v. Equity Mgmt. Inc., et al.* | Sept. 27, 2010 | | Asserts race, sex, and color discrimination after defendants denied him an opportunity to file a fair housing application for low income housing. Housing manager is alleged to have made sexual advances and uttered racially charged statements. | Process of Service is underway |
| 1:10-CV-976 (GMS) | *Bridgeforth v. Delaware Technical and Community College, et al.* | Nov. 12, 2010 | | Charges defendants with a conspiracy to alter his college transcript so as to deny him admission. Also claims race and sex discrimination. | Yes[9] |
| 1:10-CV-1042 (GMS) | *Bridgeforth v. Comcast Digital Cable Internet and Tele. Co., et al.* | Dec. 2, 2010 | Feb. 25, 2011 | Claims the defendant denied him telephone service due to his African American heritage. | Yes |
| 1:11-CV-20 (GMS) | *Bridgeforth v. Justice of the Peace Court Two, et al.* | Jan. 6, 2011 | | Confusing complaint charges improper arrest by parole officer that led to incarceration in unsanitary conditions. | Process of Service is underway |
| 1:11-CV-120 (GMS) | *Bridgeforth v. New Castle County Family Court, et al.* | Feb. 7, 2011 | | Asserts that court personnel lied, which resulted in his unlawful incarceration. | IFP App pending review |

| Case Number | Case Name | Filing Date | Closing Date | Summary of Claim | 1915 Dismissal |
|---|---|---|---|---|---|
| 1:11-CV-171 (GMS) | *Bridgeforth v. Johnson, et al.* | Feb. 28, 2011 | | Complains of his unlawful detention in administrative segregation in prison. Also accuses of various mental health professionals of collusion. | IFP App pending review |
| 1:11-CV-178 (GMS) | *Bridgeforth v. Howard R. Young Corr. Institution Medical Dep't, et al.* | Mar. 2, 2011 | | Asserts that he was denied medical treatment for his asthma while in prison. | IFP App pending review |

**5) Second Circuit Court of Appeals (two appeals):**

| Case Number | Case Name | Filing Date | Closing Date | 1915 Dismissal |
|---|---|---|---|---|
| 10-1676 | *Bridgeforth v. Napole* | Apr. 28, 2010 | June 28, 2010 | N/A[10] |
| 10-3972 | *Bridgeforth v. Nat'l Consumer Servs.* | Oct. 4, 2010 | Mar. 1, 2011 | N/A[11] |

**6) Third Circuit Court of Appeals (three appeals):**

| Case Number | Case Name | Filing Date | Closing Date | 1915 Dismissal |
|---|---|---|---|---|
| 10-4001 | *Bridgeforth v. Am. Educ. Servs., et al.* | Oct. 7, 2010 | Apr. 21, 2011 | Yes |
| 10-4002 | *Bridgeforth v. TD Bank NA, et al.* | Oct. 7, 2010 | Feb. 14, 2011 | Yes |
| 10-4003 | *Bridgeforth v. TD Bank NA, et al.* | Oct. 7, 2010 | Feb. 15, 2011 | Yes |

==============================================

1. The summaries provided in these charts are not meant to be exhaustive, but rather, are provided to give a sense of the type of litigation brought. Virtually all the actions are brought pursuant to 42 U.S.C. § 1983. All have been brought by Bridgeforth *pro se* and in each he sought permission to proceed IFP.

2. It appears that on March 8, 2011, before ruling on his IFP motions, both of Bridgeforth's New Jersey cases were administratively closed pending Plaintiff's release from incarceration.

3. *Id.*

4. Many courts hold the view that various portions of the PLRA do not apply to *habeas corpus* actions, though the Second Circuit has not definitively spoken on this issue. *See Zaire v. Welch*, 2008 WL 934426, at *3 (N.D.N.Y. Mar. 31, 2008) (discussing the impact of the Second Circuit's decision in *Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir. 1996)). Nevertheless, it is worth pointing out that despite the fact that the district court denied Bridgeforth a certificate of appealability, Bridgeforth brought an appeal to the Second Circuit Court of

Appeals. That appeal was denied because he had not made a "substantial showing of the denial of a constitutional right." *Bridgeforth v. Napole*, Civ. No. 9:09-CV-133, at Dkt. No. 27 (NAM) (N.D.N.Y.). At least one district court in New York has equated this type of dismissal as strikeworthy. *Kalwasinski v. McCraken*, 2009 WL 4042973 (W.D.N.Y. Nov. 19, 2009) ("[T]he Circuit Court's denial of a certificate of appealability amounted to a determination that Plaintiff 'fail[ed] to state a claim upon which relief may be granted. . . .' 28 U.S.C. § 1915(g), and constitutes a strike.").

5. Citing *Bridgeforth v. Div. of Parole*, Civ. No. 9:11-CV-402 (TJM/RFT) (N.D.N.Y.).

6. An appeal taken to the Third Circuit was dismissed by that court pursuant to § 1915. *See Bridgeforth v. Am. Educ. Servs., et al.*, 10-4001 (3d Cir. 2011).

7. An appeal taken to the Third Circuit was dismissed by that court pursuant to § 1915. *See Bridgeforth v. TD Bank NA, et al.*, 10-4002 (3d Cir. 2011).

8. Bridgeforth filed an appeal with the Third Circuit on October 6, 2010, and subsequently amended this appeal on February 7, 2011. *See Bridgeforth v. TD Bank, et al.*, Civ. No. 1:10-cv-499 (GMS), at Dkt. Nos. 7 & 10; *see also Bridgeforth v. TD Bank NA, et al.*, 10-4003 (3d Cir. 2011). That appeal is currently pending.

9. The district court dismissed some of Bridgeforth's claims under § 1915, but allowed him to expand on his other claims by filing an amended complaint. *See Bridgeforth v. Delaware Technical and Cmty. Coll., et al.*, Civ. No. 1:10-CV-976 (GMS), at Dkt. No. 11. Bridgeforth's amended complaint was filed, but as of the date of this Report-Recommendation and Order, has not been reviewed. *Id*. at Dkt. No. 12.

10. *See supra* endnote 3.

11. Appeal dismissed as untimely filed. *See Bridgeforth v. Nat'l Consumer Servs.*, Civ. No. 1:10-cv-678, at Dkt. No. 9.