UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

OTIS MICHAEL BRIDGEFORTH,

                        **Plaintiff,**

  - v -                                                      Civ. No. 1:11-CV-431
                                                                   (TJM/RFT)

UNITED STATES NAVY RECRUITMENT OFFICE,
COLONIE, NEW YORK; UNITED STATES MILITARY
ASVAB TESTING CENTER, ALBANY, NEW YORK;
ELLIOT SPITZER, Former New York State Governor,

                        **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

**I.    INTRODUCTION**

      The Clerk sent to Magistrate Judge Treece for review a civil rights Complaint brought pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff Otis Michael Bridgeforth. Dkt. No. 1, Compl.  Plaintiff, who was incarcerated at the Rensselaer County Jail at the time he filed this action and who is now incarcerated at the New York State Department of Correctional Services's Attica Correctional Facility, did not pay the filing fee and sought leave to proceed with this action *in forma pauperis* (IFP). Dkt. No. 2, IFP App.  In conducting a review under 28 U.S.C. § 1915 and examining Plaintiff's Complaint and his litigation history, Magistrate Judge Treece determined that Plaintiff had acquired "three

1

strikes" prior to filing the instant action and that the instant action did not fall within the "imminent danger" exception of 28 U.S.C. § 1915(g).  Thus, Magistrate Judge Treece ordered that Plaintiff's Motion to Proceed In Forma Pauperis (Dkt. No. 2) was denied.

Magistrate Judge Treece also found that the Complaint failed to state a plausible claim for relief and that amendment would be futile because the operative events underling the action occurred beyond the applicable statute of limitations.  Thus, Magistrate Judge Treece recommended that, pursuant to the Court's authority granted by 28 U.S.C. § 1915A, this action be dismissed in its entirety as failing to state a claim and as untimely.  Furthermore, Magistrate Judge Treece also recommended that, based upon Plaintiff's litigation history (which involves thirty-nine actions filed in several district courts and five appeals) demonstrating a pattern of judicial abuse, Plaintiff be permanently enjoined from filing any other cases in this District without leave of the Chief Judge. Plaintiff has filed objections to Magistrate Judge Treece's recommendations. See Dkt. No. 6.

## II.   STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997)(The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.).  "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in

the magistrate's proposal . . . ." Machicote v. Ercole, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted).  After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

### III.    DISCUSSION

In "Objections # 1," Plaintiff argues that *in forma pauperis* status must be granted in another action brought in this District (Bridgeforth v. Mahar *et al.*, 9:11-CV- 578, pending before Chief Judge Mordue) because that case falls within imminent danger exception of 28 U.S.C. § 1915(g).   However, whether Bridgeforth v. Mahar *et al.* falls within the imminent danger exception is an issue to be addressed by Chief Judge Mordue.  It is not a basis for this Court to reject Magistrate Judge Treece's recommendations.

In "Objection # 2," Plaintiff argues that he should be granted leave to amend his complaint because, he asserts, amendment is "a mandatory process" under the Federal Rules of Civil Procedure.  However, while leave to amend under Fed. R. Civ. P. 15(a)(2) should be "freely given when justice so requires," id.; see Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 242-44 (2d Cir. 2007), such leave is not required when amendment would be futile. See In re Lehman Bros. Mortgage–Backed Sec. Litig., 650 F.3d 167, 188 (2d Cir. 2011)("[A] denial of leave to amend is not an abuse of discretion if amendment would be futile."); In re Tamoxifen Citrate Antitrust Litig., 466 F.3d 187, 220 (2d Cir. 2006) ("[W]here amendment would be futile, denial of leave to amend is proper." );

3

Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."). Amendment would be futile here because Plaintiff's claims arise from events, which he was aware of, that occurred more than three years before he commenced this Section 1983 action.  Thus, his claims are time barred, see Cloverleaf Realty v. Town of Wawayanda, 572 F.3d 93, 94 (2d Cir. 2009)(The statute of limitations for a § 1983 claim arising in New York is three years), and amendment would be futile because repleading would not cure the timeliness deficiency.  See Panther Partners Inc. v. Ikanos Communications, Inc., 2009 WL 2959883 at *4 (2d Cir. Sep.17, 2009) ("Granting leave to amend [would be] futile if it appears that plaintiff cannot address the deficiencies identified by the court and allege facts sufficient to support the claim.") (unpublished; citation omitted); Cuoco, 222 F.3d at 112; see also Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991)("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Objection # 2 does not provide a basis to reject Magistrate Judge Treece's recommendations.

In "Objection # 3," Plaintiff asserts that he "renigs [*sic*] from commenting on this court[']s recommendation that he be permanently enjoined from filing any other cases in this N.D.N.Y. District without leave of the Chief Judge . . . and instead offers his appreciation for proper review of each bonafide and non-frivolous issue filed before this court, although Mr. Otis M. Bridegeforth is disappointed with the denials received."  This does not constitute a basis to reject Magistrate Judge Treece's recommendations.

### IV.    CONCLUSION

The Court **ADOPTS** the recommendations made by Magistrate Judge Treece in the Report, Recommendation and Order [Doc. No. 4] for the reasons discussed therein. Accordingly, it is hereby

**ORDERED** that pursuant to the Court's authority granted by 28 U.S.C. § 1915A, this action is **DISMISSED IN ITS ENTIRETY** as failing to state a claim and as untimely; and it is further

**ORDERED** that Otis Michael Bridgeforth is **PERMANENTLY ENJOINED FROM FILING ANY OTHER CASES IN THIS DISTRICT WITHOUT LEAVE OF THE CHIEF JUDGE**.

**IT IS SO ORDERED**

**Dated:** November 23, 2011

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge